## LAURA L. EVANS *v.* JAMES H. LEECH, EXR.

**Husband and Wife—Marriage of Debtor with Creditor—Debt Released in Law—Equity Changes the Rule.**

The marriage of a creditor with her debtor releases the debt in law, on the principle that husband and wife are one person, but equity so far qualified this rule as to permit a feme sole to hold and enjoy her property.

APPEAL FROM CALDWELL CIRCUIT COURT.

November 10, 1871.

OPINION BY JUDGE PETERS:

By the marriage of appellant with her debtor, the debt was released in law, on the principle that husband and wife are but one person; but equity so far qualified this rule of law as to permit a *feme sole* to hold, and enjoy property to her sole use, as where property is given to her for her sole use, or where

other expressions are used, showing that a gift is intended for the separate use of the wife. The money for which the note was given belonged at the time to Mrs. Evans, and if her husband, after the marriage, had agreed to pay it to a trustee for her separate use the contract would have been binding in law. And if there had been an agreement by the husband to pay the amount of the note to his wife, being based on the consideration that the money was hers, a court of equity would enforce the agreement, but in this case no agreement or provision on the part of the husband is alleged. The averment is that he always intended to pay it. That is only a conclusion of law. Facts should have been alleged constituting an agreement or contract to pay. A mere intention is not sufficient.

Wherefore the judgment is *affirmed.*

*Marble, for appellant.*

*Darby, for appellee.*